IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY CHATMON,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-1284-K-BW |
| FRANK BISIGNANO, et al.,<br>　　　Defendants. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should **DISMISS** this civil action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

### I. BACKGROUND

Timothy Chatmon filed this pro se civil action against Defendants Frank Bisignano and Agent Tran in connection with his Social Security benefits. (*See* Dkt. No. 3.) Chatmon applied to proceed in forma pauperis ("IFP"), and the Court granted his application. (*See* Dkt. Nos. 4, 8.) Because Chatmon is proceeding IFP, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). As part of its preliminary screening and in accordance with *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976), on December 18, 2025, the Court ordered Chatmon to complete and return a First Magistrate Judge's Questionnaire ("Questionnaire") no later than January 12, 2026. (*See* Dkt. No. 9.) In the Questionnaire, the Court

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

notified Chatmon that it perceived the facts set forth in his complaint as inadequate in whole or in part to state a claim against the Defendants and warned him that failure to file answers to the Questionnaire could result in the dismissal of his complaint for failure to prosecute.  (*See id.*)

It is now four weeks past the January 12 deadline, and Chatmon still has not filed answers to the Questionnaire or filed anything else in this case manifesting an intent to proceed in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Chatmon has failed to comply with the Court's order to complete and return the Questionnaire despite warnings that his complaint, as filed, was inadequate, and that a failure to answer the Questionnaire could result in dismissal of his case for failure to prosecute.  Nor has he filed anything else in this case.  By not complying

with the Court's order to respond to the Questionnaire or otherwise showing he intends to proceed with this case, Chatmon prevents this action from proceeding and has failed to prosecute his lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

### III.  RECOMMENDATION

This civil action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow court orders.

**SO RECOMMENDED** on February 9, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).